IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LEROY BRANTLEY, JR., HAROLD H. RICKS, ROGER SMITH, and SHON BUTLER, on behalf of themselves and all others similarly situated, | § § § § § | CIVIL ACTION NO. 6:17-cv-00089-JRH-GRS |
| Plaintiffs | § § | |
| v. | § § | |
| HANDI-HOUSE MFG. CO., HANDI-HOUSE FINANCIAL CORPORATION, JAMES AKRIDGE, JOHN WILKERSON, DONALD FLANDERS, STEPHANIE FLANDERS, and BRENDA MONROE WILLIAMSON, | § § § § § § § § | |
| Defendants | § § | |

---

## ANSWER OF DEFENDANTS JAMES AKRIDGE AND JOHN WILKERSON

---

COME NOW, Defendants James Akridge and John Wilkerson, and file this their Answer to Plaintiffs' Class Action Complaint for Damages and Injunctive Relief, and show the Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted from Defendants James Akridge and John Wilkerson.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrine of unclean hands.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' complaint is barred by the doctrine of laches.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' complaint is barred by the doctrine of waiver.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' complaint is barred by the doctrine of estoppel.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' complaint is barred by assumption of risk.

**<u>PARTIES</u>**

1.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 1 of Plaintiffs' complaint.

2.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 2 of Plaintiffs' complaint.

3.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 3 of Plaintiffs' complaint.

4.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 4 of Plaintiffs' complaint.

5.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 5 of Plaintiffs' complaint.

6.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 6 of Plaintiffs' complaint.

7.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 7 of Plaintiffs' complaint.

8.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 8 of Plaintiffs' complaint.

9.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 9 of Plaintiffs' complaint.

10.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 10 of Plaintiffs' complaint.

11.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 11 of Plaintiffs' complaint.

12.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 12 of Plaintiffs' complaint.

## JURISDICTION AND VENUE

13.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 13 of Plaintiffs' complaint.

14.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 14 of Plaintiffs' complaint.

15.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 15 of Plaintiffs' complaint.

16.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 16 of Plaintiffs' complaint.

## COMMON FACTUAL ALLEGATIONS

### 17.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 17 of Plaintiffs' complaint.

### 18.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 18 of Plaintiffs' complaint.

### 19.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 19 of Plaintiffs' complaint.

### 20.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 20 of Plaintiffs' complaint.

### 21.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 21 of Plaintiffs' complaint.

### 22.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 22 of Plaintiffs' complaint.

23.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 23 of Plaintiffs' complaint.

24.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 24 of Plaintiffs' complaint.

25.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 25 of Plaintiffs' complaint.

26.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 26 of Plaintiffs' complaint.

27.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 27 of Plaintiffs' complaint.

28.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 28 of Plaintiffs' complaint.

29.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 29 of Plaintiffs' complaint.

30.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 30 of Plaintiffs' complaint.

31.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 31 of Plaintiffs' complaint.

32.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 32 of Plaintiffs' complaint.

33.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 33 of Plaintiffs' complaint.

34.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 34 of Plaintiffs' complaint.

35.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 35 of Plaintiffs' complaint.

36.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 36 of Plaintiffs' complaint.

37.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 37 of Plaintiffs' complaint.

38.

Defendants James Akridge and John Wilkerson are without knowledge as to what Defendants Donald Flanders and Stephanie Flanders have done as alleged in Paragraph 38 of Plaintiffs' complaint.  By way of further answer, Defendants James Akridge and John Wilkerson deny any illegal action.

39.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 39 of Plaintiffs' complaint.

40.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 40 of Plaintiffs' complaint.

41.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 41 of Plaintiffs' complaint.

42.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 42 of Plaintiffs' complaint.

43.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 43 of Plaintiffs' complaint.

44.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 44 of Plaintiffs' complaint.

45.

Defendants James Akridge and John Wilkerson deny that any licenses were needed, as stated in the allegations contained in Paragraph 45 of Plaintiffs' complaint.

46.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 46 of Plaintiffs' complaint.

## CLASS ACTION ALLEGATIONS

47.

Defendants James Akridge and John Wilkerson deny that class certification is appropriate and deny that usurious rates of interest were charged as stated in the allegations contained in Paragraph 47 of Plaintiffs' complaint.

48.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 48 of Plaintiffs' complaint.

49.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 49 of Plaintiffs' complaint.

50.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 50 of Plaintiffs' complaint.

51.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 51 of Plaintiffs' complaint.

52.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 52 of Plaintiffs' complaint.

53.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 53 of Plaintiffs' complaint.

54.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 54 of Plaintiffs' complaint.

55.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 55 of Plaintiffs' complaint.

56.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 56 of Plaintiffs' complaint.

57.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 57 of Plaintiffs' complaint.

58.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 58 of Plaintiffs' complaint.

## COUNT ONE:  Violation of Fair Labor Standards Act (29 U.S.C. § 206)

### (Against the Defendant Handi-House Entities only)

59.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

60.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 60 of Plaintiffs' complaint.

61.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 61 of Plaintiffs' complaint.

62.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 62 of Plaintiffs' complaint.

63.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 63 of Plaintiffs' complaint.

64.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 64 of Plaintiffs' complaint.

65.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 65 of Plaintiffs' complaint.

66.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 66 of Plaintiffs' complaint.

## COUNT TWO: Violation of Georgia Minimum Wage Law (O.C.G.A. §34-4-6)

### (Against the Defendant Handi-House Entities only)

67.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

68.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 68 of Plaintiffs' complaint.

69.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 69 of Plaintiffs' complaint.

70.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 70 of Plaintiffs' complaint.

71.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 71 of Plaintiffs' complaint.

72.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 72 of Plaintiffs' complaint.

## COUNT THREE:  Violation of the Georgia Industrial Loan Act

## (O.C.G.A. § 7-3-1)

**(Against all Defendants)**

73.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

74.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 74 of Plaintiffs' complaint.

75.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 75 of Plaintiffs' complaint.

76.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 76 of Plaintiffs' complaint.

77.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 77 of Plaintiffs' complaint.

78.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 78 of Plaintiffs' complaint.

**COUNT FOUR:  Violation of the Georgia Payday Lending Act**

**(O.C.G.A. § 16-17-1)**

**(Against all Defendants)**

79.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

80.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 80 of Plaintiffs' complaint.

81.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 81 of Plaintiffs' complaint.

82.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 82 of Plaintiffs' complaint.

83.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 83 of Plaintiffs' complaint.

84.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 84 of Plaintiffs' complaint.

85.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 85 of Plaintiffs' complaint.

86.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 86 of Plaintiffs' complaint.

87.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 87 of Plaintiffs' complaint.

88.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 88 of Plaintiffs' complaint.

## **COUNT FIVE:  Common Law Conversion**

### **(Against all Defendants)**

89.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

90.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 90 of Plaintiffs' complaint.

91.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 91 of Plaintiffs' complaint.

92.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 92 of Plaintiffs' complaint.

93.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 93 of Plaintiffs' complaint.

94.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 94 of Plaintiffs' complaint.

95.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 95 of Plaintiffs' complaint.

96.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 96 of Plaintiffs' complaint.

## <u>COUNT SIX:  Usury (O.C.G.A. § 7-4-1, et seq.)</u>

### **(Against all Defendants)**

97.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

98.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 98 of Plaintiffs' complaint.

99.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 99 of Plaintiffs' complaint.

100.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 100 of Plaintiffs' complaint.

101.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 101 of Plaintiffs' complaint.

102.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 102 of Plaintiffs' complaint.

**COUNT SEVEN: Violation of the Peonage Statute (18 U.S.C. § 1581) and the**

**Trafficking Victims Protection Act (18 U.S.C. §§ 1593A, 1595)**

**(Against all Defendants)**

103.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

104.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 104 of Plaintiffs' complaint.

105.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 105 of Plaintiffs' complaint.

106.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 106 of Plaintiffs' complaint.

107.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 107 of Plaintiffs' complaint.

108.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 108 of Plaintiffs' complaint.

109.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 109 of Plaintiffs' complaint.

110.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 110 of Plaintiffs' complaint.

111.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 111 of Plaintiffs' complaint.

112.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 112 of Plaintiffs' complaint.

113.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 113 of Plaintiffs' complaint.

114.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 114 of Plaintiffs' complaint.

## COUNT EIGHT: Violation of Federal RICO (18 U.S.C. § 1962(c) and (d))

## (Against Defendants Akridge, Wilkerson, Donald Flanders, Stephanie Flanders, and Williamson)

### 115.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

### 116.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 116 of Plaintiffs' complaint.

### 117.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 117 of Plaintiffs' complaint.

### 118.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 118 of Plaintiffs' complaint.

### 119.

Defendants James Akridge and John Wilkerson admit that portion of the allegations contained in Paragraph 119 of Plaintiffs' complaint which states that at all times relevant, they were employed by or associated with Handi-House MFG Co., but deny the remainder of the allegations contained therein.

120.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 120 of Plaintiffs' complaint.

121.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 121 of Plaintiffs' complaint.

122.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 122 of Plaintiffs' complaint.

123.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 123 of Plaintiffs' complaint.

124.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 124 of Plaintiffs' complaint.

125.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 125 of Plaintiffs' complaint.

## COUNT NINE: Violation of Georgia RICO (O.C.G.A. § 16-14-1, et seq.)

## (Against Defendants Akridge, Wilkerson, Donald Flanders, Stephanie Flanders, and Williamson)

### 126.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

### 127.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 127 of Plaintiffs' complaint.

### 128.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 128 of Plaintiffs' complaint.

### 129.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 129 of Plaintiffs' complaint.

### 130.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 130 of Plaintiffs' complaint.

### 131.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 131 of Plaintiffs' complaint.

132.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 132 of Plaintiffs' complaint.

## COUNT TEN: Violation of Civil Rights & Racial Discrimination

## (42 U.S.C. § 1981)

### (Against the Defendant Handi-House Enterprises)

133.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

134.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 134 of Plaintiffs' complaint, but specifically deny any civil rights violations.

135.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 135 of Plaintiffs' complaint.

136.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 136 of Plaintiffs' complaint.

137.

Defendants James Akridge and John Wilkerson admit the allegations contained in Paragraph 137 of Plaintiffs' complaint.

138.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 138 of Plaintiffs' complaint.

139.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 139 of Plaintiffs' complaint.

140.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 140 of Plaintiffs' complaint.

141.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 141 of Plaintiffs' complaint.

142.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 142 of Plaintiffs' complaint.

143.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 143 of Plaintiffs' complaint.

144.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 144 of Plaintiffs' complaint.

145.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 145 of Plaintiffs' complaint.

146.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 146 of Plaintiffs' complaint.

147.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 147 of Plaintiffs' complaint.

148.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 148 of Plaintiffs' complaint.

149.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 149 of Plaintiffs' complaint.

## COUNT ELEVEN:  Abatement of Nuisance (O.C.G.A. § 41-2-1, et seq.)

## & Injunctive Relief

### (Against all Defendants)

150.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

151.

Defendants James Akridge and John Wilkerson are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 151 of Plaintiffs' complaint.

152.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 152 of Plaintiffs' complaint.

153.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 153 of Plaintiffs' complaint.

154.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 154 of Plaintiffs' complaint.

155.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 155 of Plaintiffs' complaint.

## <u>COUNT TWELVE:  Punitive Damages (O.C.G.A. § 51-12-5.1)</u>

### (Against all Defendants)

156.

Defendants James Akridge and John Wilkerson incorporate their responses to all prior paragraphs of this complaint as if fully set forth herein.

157.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 157 of Plaintiffs' complaint.

158.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 158 of Plaintiffs' complaint.

159.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 159 of Plaintiffs' complaint.

160.

Defendants James Akridge and John Wilkerson deny the allegations contained in Paragraph 160 of Plaintiffs' complaint.

WHEREFORE, Defendants James Akridge and John Wilkerson pray for the following relief:

(a)     Defendants James Akridge and John Wilkerson request that they be dismissed;

    (b)     that Defendants James Akridge and John Wilkerson have a judgment absolving them of any liability for any of the claims raised by Plaintiffs' Complaint;

    (c)     for a jury trial on all issues so triable; and

    (d)     for such other relief as is just and appropriate.

Respectfully submitted, this 31st day of August, 2017.

/s/ J. Kendall Gross
J. Kendall Gross
Attorney for Defendants James Akridge
and John Wilkerson
Georgia Bar No. 313542

J. KENDALL GROSS, P.C.
235 S. Lewis Street
Post Office Box 695
Metter, GA 30439
(912) 685-4619 telephone
(912) 685-4523 facsimile
email:  kendall@jkendalgross.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LEROY BRANTLEY, JR. HAROLD H. RICKS, ROGER SMITH, and SHON BUTLER, on behalf of themselves and all others similarly situated, | § § § § § | CIVIL ACTION NO. 6:17-CV-00089-JRH-GRS |
| Plaintiffs | § § | |
| v. | § § | |
| HANDI-HOUSE MFG. CO., HANDI-HOUSE FINANCIAL CORPORATION, JAMES AKRIDGE, JOHN WILKERSON, DONALD FLANDERS, STEPHANIE FLANDERS, and BRENDA MONROE WILLIAMSON, | § § § § § § § | |
| Defendants | § | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the **ANSWER OF DEFENDANTS JAMES AKRIDGE AND JOHN WILKERSON** has this date been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

This 31st day of August, 2017.

/s/ J. Kendall Gross
J. Kendall Gross
Attorney for Defendants James Akridge
and John Wilkerson
Georgia Bar No. 313542

J. KENDALL GROSS, P.C.
235 S. Lewis Street
Post Office Box 695
Metter, GA 30439
(912) 685-4619 telephone
(912) 685-4523 facsimile
email:  kendall@jkendallgross.com