IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEROY BRANTLEY, JR; HAROLD H.            *
RICKS; ROGER SMITH; and SHON             *
BUTLER, on behalf of themselves          *
and all others similarly situated,       *
                                         *
v.                                       *      CV 617-089
                                         *
HANDI-HOUSE MFG. CO.; and                *
DONALD FLANDERS,                         *
                                         *
        Defendants.                      *

**O R D E R**

Before the Court is Plaintiffs' Motion to Conditionally Certify a Collective Action Class and to Certify a Rule 23 Class.[1] (Doc. 40.) For the following reasons, Plaintiffs' motion is **DENIED**.

**I. BACKGROUND**

Plaintiffs are former employees of Defendant Handi-House Mfg. Co. ("Handi-House"), which is owned by Defendant Donald Flanders. Plaintiffs allege that Handi-House's General Manager, James Akridge, and Director of Sales, John Wilkerson, operated

---

[1] Defendants ask the Court to strike some of the evidence attached to Plaintiffs' motion to certify on the grounds that it contains inadmissible hearsay. (Doc. 50.) Due to the preliminary nature of a motion to certify a class, the Federal Rules of Evidence are not stringently applied. Fisher v. Ciba Specialty Chem. Corp., 238 F.R.D. 273, 279 (S.D. Ala. 2006). Accordingly, Defendants' Motion to Strike Doc. 40-10, Doc. 40-21, and Portions of Doc. 40-7 (doc. 50) is **DENIED**.

an illegal payday lending enterprise with Mr. Flanders's permission.[2] (Ricks Dep., Doc. 86, at 96, 97, 109.)

Messrs. Akridge and Wilkerson would lend money to Defendants' employees with an interest rate that was generally around six dollars for every twenty dollars borrowed. (Id. at 135.) If an employee borrowed money, Messrs. Akridge and Wilkerson would endorse and cash the employee's paycheck, deduct the amount the employee had borrowed plus interest, and return the remainder to the employee. (Smith Dep., Doc. 40-13, at 52-53; Johnson Dep., Doc. 78-1, at 67.) Plaintiffs claim that the interest payments charged resulted in employees receiving less than minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.[3] Plaintiffs initiated this case on June 27, 2017, and now move for certification pursuant to the FLSA and Federal Rule of Civil Procedure 23.

## II. DISCUSSION

### A. Certification of a Collective Action Under the FLSA

The FLSA provides that a plaintiff may bring a "collective action" on behalf of himself and other similarly situated

---

[2] Messrs. Akridge and Wilkerson were initially named as defendants in this action but those claims were later dropped. (Doc. 85.)
[3] In addition to the FLSA, Plaintiffs assert claims for, *inter alia*, usury; violation of Georgia's Payday Lending Act, O.C.G.A. § 16-17-1; and violation of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. (Compl., Doc. 1, ¶¶ 59-126.)

employees. 29 U.S.C. § 216(b). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Unlike a class certified under Federal Rule of Civil Procedure 23, the FLSA requires that putative class members affirmatively opt-in to the class by providing the court with written consent, communicating their intent to be a class member who will be bound by the court's judgment. Id.; Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001).

The Eleventh Circuit has recommended a two-phase approach to certification under 29 U.S.C. § 216(b). Hipp, 252 F.3d at 1217. In the notice stage, the court decides whether notice should be given to potential class members. Id. The notice stage imposes a "fairly lenient" burden. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008) Conditional certification will be granted if the plaintiff shows two elements: (1) that there are other employees who wish to opt-in; and (2) that those employees are similarly situated with respect to their job duties and pay. Id. at 1258-59; Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

3

The presence of employees who wish to opt-in is usually demonstrated by affidavits or consent to sue forms. Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004). Such evidence must consist of something more than the plaintiff's bare belief that other employees exist. Morgan, 551 F.3d at 1261; Home v. United Servs. Auto Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003). If the court grants conditional certification, putative class members are given notice of the action and the chance to opt-in and the case proceeds throughout discovery as a collective action. Hipp, 252 F.3d at 1218. The defendant may subsequently trigger the second phase by filing a motion to decertify after discovery has been largely completed. Id.

Plaintiffs' motion was filed one month after discovery began and is therefore in the notice stage. Even under this fairly lenient standard, however, Plaintiffs have failed to demonstrate that conditional certification is warranted. Specifically, Plaintiffs provided no evidence that there are other employees who wish to opt-in to this action.[4] The closest Plaintiffs come to meeting this standard is the Affidavit of

---

[4] Plaintiffs appear to be under the mistaken impression that 29 U.S.C. § 216(b) can be satisfied by showing that the representative plaintiffs are willing to participate in this dispute. (See doc. 40-1, at 5 ("Plaintiffs . . . offer their consent to be plaintiffs in a representative action.").) If that were true, the "other employees" element in the conditional certification test adopted by Dybach would be superfluous. Surely, by initiating a lawsuit, the class representatives will almost always demonstrate that they are willing to participate in litigation.

4

Plaintiffs' Counsel, Jeffrey F. Peil, who states that he has spoken to one other employee who would be willing to become a class representative if any representative is determined to be inadequate. (Peil Aff., Doc. 40-7, ¶ 10.) Mr. Peil's statement does not show that other employees wish to opt-in to this action and is a bare assertion of his belief. See Davis, 303 F. Supp. 2d at 1277 (refusing to conditionally certify a collective action when plaintiff's only evidence of other members was her own statement that she had spoken to twelve employees who wanted to join the lawsuit); Saxton v. Title Max of Ala., Inc., 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006) (refusing to certify where affidavits only showed intent to participate in a previous suit). Mr. Peil's statement also provides no details about the opt-in employees so even accepting his statement as evidence that there are other employees who wish to participate in this case, the Court cannot determine whether those employees are similarly situated to Plaintiffs. See Saxton, 431 F. Supp. 2d at 1188 (courts should compare named plaintiff with opt-in declarations) (citing Dybach, 942 F.2d at 1567)). Therefore, because Plaintiffs have not submitted evidence showing that there are employees who wish to opt-in to this action that are similarly situated to Plaintiffs, Plaintiffs' motion to proceed as a collective action is **DENIED**.

## B. Certification Under Federal Rule of Civil Procedure 23

Plaintiffs also move for certification under Federal Rule of Civil Procedure 23. Before considering the requirements under Rule 23, a court must determine whether a class is adequately defined and its members are reasonably ascertainable. DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970); Bennett v. Hayes Robertson Group, 880 F. Supp. 2d 1270, 1278 (S.D. Fla. 2012). While a definition does not need to be overly strict, it must not be vague or difficult to apply. Hayes Robertson Group, 880 F. Supp. 2d at 1278.

To satisfy the ascertainability element, the plaintiff must propose a feasible way to identify class members. Karhu v. Vital Pharmaceuticals, Inc., 621 F. App'x 945, 948 (11th Cir. 2015); John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."). The merits of individual claims are only considered to the extent necessary to determine whether Rule 23 is satisfied. Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1188 n.15 (11th Cir. 2003). Thus, a class should not be certified if the court must engage in individualized determinations of disputed

6

fact in order to ascertain a person's membership. <u>Lea Family P'ship Ltd. v. City of Temple Terrace</u>, 2017 WL 4155459, at *2 (S.D. Fla. Sept. 19, 2017); <u>Stalley v. ADS Alliance Data Sys., Inc.</u>, 296 F.R.D. 670, 679-80 (M.D. Fla. 2013).

In the instant case, Plaintiffs contend that class members can be identified by Defendants' records. A plaintiff cannot "establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible." <u>Karhu</u>, 921 F. App'x at 946. Plaintiffs first suggest that class members can be identified by using a list of the employee names and salaries. Yet the evidence shows that not every employee received loans from Messrs. Akridge or Wilkerson. (<u>See</u>, <u>e.g.</u>, Fluellen Dep., Doc. 78-2, at 26; Brantley Dep., Doc. 49-2, at 61.) Thus, records listing employee names and salaries would not identify which employee received a loan and is therefore a class member.

Plaintiffs also suggest that members may be identified by looking at the checks that were endorsed by Messrs. Akridge or Wilkerson. However, Messrs. Akridge and Wilkerson claim that they would sometimes cash employee checks as a favor to the employee even if the employee had not borrowed money. (Akridge and Wilkerson Inter. Resp., Doc. 49-11, ¶ 11.) Moreover, the

7

interest rate charged by Messrs. Akridge and Wilkerson varied. (Id. ¶ 9.) Accordingly, Messrs. Akridge and Wilkerson's endorsement does not reveal whether a class member received a loan and was charged more than 32% interest. See Stalley, 296 F.R.D. at 679-80 (finding ascertainability not established where plaintiffs proposed that "members of the class [of actual recipients of defendant's calls] . . . be identified and notified based on [the defendant's] own records," because the defendant's records indicated "merely the *intended* recipients" (emphasis in original and internal quotations omitted)).

Plaintiffs' reliance on Terrill v. Electrolux Home Prods., Inc., 295 F.R.D. 671, 684 (S.D. Ga. 2013) is misplaced. There, customers of a washing machine manufacturer sued after a design defect caused the washing machine to destroy clothing. The plaintiffs moved to certify a class action and proposed a definition that included anyone who bought the machine within the previous five years. The defendant claimed that the class was not ascertainable because there was a one-year period where defendants sold washers with and without the design defect. Id. The court rejected that argument because the defendant had additional records that could identify which machines were defective. Id. Here, unlike Terrill, Plaintiffs have not shown that Defendants kept records that would allow the Court to easily identify class members. The records proposed by

8

Plaintiffs might narrow down the potential members but the Court will still be left with a list of members that would need to be examined on an individual basis to determine whether each member received a loan from Messrs. Akridge and Wilkerson and was charged more than 32% interest.

Plaintiffs finally suggest that any problem with ascertainability can be remedied by including an opt-out provision. To rely on self-identification, the plaintiff must establish that self-identification is feasible. Fisher v. Ciba Specialty Chems. Corp., 238 F.R.D. 273, 301-02 (S.D. Ala. 2006). Ascertaining class members by self-identification is usually problematic. On the one hand, allowing plaintiffs to self-identify without giving the defendant the opportunity to challenge the plaintiff's membership raises due process concerns. Karhu, 621 F. App'x at 948. On the other, if a defendant is afforded such an opportunity, the trial will break down into a series of mini-trials to determine which persons are class members. Id. at 949. Here, Plaintiffs do not explain why self-identification would not raise these problems. Again, the evidence shows that not every employee received a loan. Thus, to preserve Defendants' due process rights, the Court would need to engage in a series of mini-trials to determine if every member who failed to opt-out had actually received a usurious loan from Messrs. Akridge or Wilkerson.

9

### III. CONCLUSION

Plaintiffs have failed to demonstrate that class certification is appropriate. Conditional certification is inappropriate because Plaintiffs have provided no evidence that there are other employees who wish to opt-in. Certification under Rule 23 is likewise unsuitable because Plaintiffs have not identified an administratively feasible method for identifying class members. Accordingly, Plaintiffs' Motion to Conditionally Certify a Collective Action Class and to Certify a Rule 23 Class (doc. 40) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of July, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA