IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| HAROLD H. RICKS; ROGER SMITH; SHON BUTLER; and MALIK BRANTLEY, Administrator of the Estate of Leroy Brantley, Jr., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HANDI-HOUSE MFG. CO., and DONALD FLANDERS,<br><br>Defendants. | CV 617-089 |

**O R D E R**

Plaintiffs request reconsideration of the July 11, 2018 Order denying their sanctions motion, citing for the first time depositions wherein James Akridge and John Wilkerson admitted destroying, in December 2017, a loan list they created in late June 2017 before service of the Complaint on July 10, 2017. Messrs. Akridge and Wilkerson admitted Mr. Akridge kept the list from its creation in June until he lost it in December. (Akridge Dep., doc. no. 87-10, pp. 16-17; Wilkerson Dep., doc. no. 87-11, pp. 33-34.) Mr. Akridge quickly recovered the list, and they destroyed it. (Wilkerson Dep., pp. 27-34.) Alfred Johnson photographed the list before its destruction. (Akridge Dep., p. 36.) Mr. Wilkerson explained, "At that time we did not know that somebody had done sent it to y'all. To us it was just trash. . . . [W]e just didn't have no more use for it." (Wilkerson Dep., pp. 33-34.)

In discovery responses served before Mr. Akridge lost the list, Messrs. Akridge and Wilkerson claimed there were no responsive documents concerning the loan business, and they could not recall the name of even one borrower. (Interr. Resps., doc. no. 87-13, pp. 6, 18.) In response to the motion for sanctions, both stated no responsive documents existed on July 10, 2017, and they never destroyed any documents. (Akridge Aff., doc. no. 69, p. 15, ¶ 6; Wilkerson Aff., doc. no. 69, p. 13, ¶ 5.) Mr. Akridge further attested Mr. Wilkerson gave him the June 2017 loan list in early July, before July 10, and Mr. Akridge "lost the list on that same date." (Akridge Aff., 16, ¶ 8.) Mr. Wilkerson died before the hearing on October 30, 2018. (Doc. no. 127.) Mr. Akridge's hearing testimony is a tangled web, but at bottom, he admitted possessing the June 2017 loan list and destroying it in December 2017. (Court's recording system, For the Record, ("FTR") 12:23:06 – 12:52:47.)

This history of deception proves Messrs. Akridge and Wilkerson cannot be trusted, and a jury hearing their testimony should receive a cautionary instruction. However, Plaintiffs have dismissed all claims against Messrs. Akridge and Wilkerson and are no longer seeking sanctions against them. The sanctions motion fails with respect to the remaining Defendants Handi-House Mfg. Co. ("Handi-House") and Donald Flanders. Plaintiffs do not allege Defendants failed to cooperate in discovery. It is undisputed the loan business was a side venture by Messrs. Akridge and Wilkerson, and Defendants neither participated in nor profited from it. (FTR 10:28:23 – 10:32:41.) Nor is there any evidence they had knowledge of, or involvement in, the destruction of loan documents. (FTR 10:24:26 – 10:25:22.)

Plaintiffs concede spoliation sanctions are "only available against the party who had possession or control of the missing evidence." (Doc. no. 75, p. 8.) Defendants did not have possession or control of the June 2017 loan list or any other loan documents. Sanctions are

2

also appropriate when a third party destroys information while acting (1) as the litigant's agent; and (2) "at the behest" of the litigant. Daniels v. United States, 86 F. Supp. 3d 1375, 1379–80 (S.D. Ga. 2015). An agency relationship arises "wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." O.C.G.A. § 10–6–1. Because the loan business did not belong to Defendants, Messrs. Akridge and Wilkerson could not have acted as Defendants' agents when operating it or destroying loan documents. There is also no evidence Messrs. Akridge and Wilkerson destroyed documents "at the behest" of Defendants.

Plaintiffs argue Handi-House should be sanctioned under the doctrine of respondeat superior because Messrs. Akridge and Wilkerson acted within the course and scope of their employment when operating the loan business. Defendants argue there is no vicarious liability when an employee commits torts during regular job duties for purely personal reasons unrelated to any purpose beneficial to the employer. This issue will be determined in the context of the pending summary judgment motions. (Doc. nos. 87, 88.) If Plaintiffs prevail, they may refile the sanctions motion if there is a meritorious argument the doctrine allows sanctioning Handi-House for discovery abuses by Messrs. Akridge and Wilkerson.

For these reasons, the Court **REAFFIRMS** its prior denial of the sanctions motion.

SO ORDERED this 28th day of November, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3